1  MCGUIREWOODS LLP
   ALISON V. LIPPA [SBN #160807]
2  1800 Century Park East, 8th Floor
   Los Angeles, CA  90067-1501
3  Telephone:  310.315.8200
   Facsimile:  310.315.8210
4  Email: alippa@mcguirewoods.com

5  Attorneys for Defendant
   BANK OF AMERICA, N.A.

6

7

8              UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

10

11 MICHAEL T. NOBLE,                    CASE NO.  5:14-cv-04671-NC

12            Plaintiff,               [Assigned to the Hon. Nathanael M. Cousins in
                                       Courtroom 7]
13       vs.

14 FAY SERVICING; BANK OF AMERICA,      **BANK OF AMERICA, N.A.'s NOTICE OF**
   N.A.; PROF-2013-S3 REMIC TRUST III; US **HEARING ON MOTION AND MOTION**
15 BANK, N.A.; MORTGAGE ELECTRONIC      **TO DISMISS PLAINTIFF'S COMPLAINT**
   REGISTRATION SYSTEM, INC.;          **PURSUANT TO FEDERAL RULE OF**
16 MERSCORP, INC.; and DOES 1 through 20, **CIVIL PROCEDURE 12(b)(6);**
   inclusive,                          **MEMORANDUM OF POINTS &**
17                                     **AUTHORITIES IN SUPPORT THEREOF**
            Defendants.
18

19                                     Date:    December 10, 2014
                                       Time:    1:00 p.m.
20                                     Crtrm.:  7

21                                     Complaint Filed:    July 11, 2014
                                       Trial Date:         None Set
22

23

24

25    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

26       **PLEASE TAKE NOTICE** that on December 10, 2014 at 1:00 p.m., or as soon thereafter

27 as this matter may be heard, in Courtroom 7, before the Honorable Nathanael M. Cousins of the

28 United States District Court for the Northern District of California, San Jose Division, located in

the Robert F. Peckham Federal Building at 280 South 1st Street, San Jose, CA 95113 , Defendant BANK OF AMERICA, N.A. ("BANA" or "Defendant") will move the Court pursuant to Fed. R. Civ. Proc. Rule 12(b)(6) for an order dismissing Plaintiff's Complaint filed on July 11, 2014 and all claims alleged against Defendant.

The grounds for this motion are: (1) Plaintiff has failed to state a claim against Defendant upon which relief can be granted [Fed. Rule Civ. P. 12(b)(6)]; (2) the Complaint is not pled sufficiently under Fed. Rule Civ. P. 8(a) or with the particularity requirements of Fed. Rule Civ. P. 9(b); (3) Plaintiff fails to join a co-borrower, a necessary and indispensable party pursuant to Fed. Rule Civ. P. 19 to these proceedings; (4) the Complaint's defects are such that they are incurable and incapable of amendment; and (5) Plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  Accordingly, the Complaint and the claims brought against Defendant therein should be dismissed with prejudice.

The Motion will be based on this Notice of Motion, the supporting Memorandum of Points and Authorities attached hereto, the judicially noticed documents, the pleadings, records and files in this action, and upon such further oral or documentary evidence and argument as may be presented at or before the hearing and any other matter the Court may deem appropriate.


DATED: October 27, 2014                    Respectfully submitted,

                                           MCGUIREWOODS LLP



                                           By:  /s/ Alison V. Lippa
                                                _____
                                                    Alison V. Lippa
                                                Attorneys for Defendant
                                                BANK OF AMERICA, N.A.

BANK OF AMERICA, N.A.'s NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...................................................................................... ii

STATEMENT OF ISSUES PRESENTED AND RELIEF SOUGHT ........................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.     INTRODUCTION ........................................................................................ 1

II.    FACTUAL BACKGROUND ..................................................................... 3

III.   STANDARD OF REVIEW ....................................................................... 4

IV.   THE COMPLAINT IS GLOBALLY DEFECTIVE ................................. 4

     A.    The Complaint Must Be Dismissed for Failure to Include an Indispensable Party. ................................................................. 4

     B.    The Complaint Must Be Dismissed for Failure to Satisfy Fed. R. Civ. P. 8(A). .............................................................. 5

     C.    Plaintiff's Securitization Claims Fail. ...................................... 7

          1.    Plaintiff Lacks Standing to Challenge the Assignment of the DOT. ........... 7

          2.    The Timing of Recordation of the Assignment Has No Bearing on the Validity of the Assignment ...................................... 8

          3.    Plaintiff's Glaski Argument Fails. .................................... 9

V.    PLAINTIFF'S INDIVIDUAL CLAIMS FAIL ON THE MERITS ................................. 11

     A.    The Quiet Title Claim Fails (COA 1) ..................................... 11

     B.    Plaintiff Fails to State a Claim for "Promissory Fraud."  (COA 2) ....................... 12

          1.    To the extent Plaintiff intends to plead a claim for fraud, the claim fails for lack of specificity, intent, reliance or damages............................. 13

          2.    The Complaint fails state a claim for Promissory Estoppel. ...................... 16

     C.    The Complaint Fails to State a Cause of Action for Negligence.  (COA 3) .......... 16

     D.    Plaintiff Fails to State a Claim under Cal. Bus. & Prof. Code Section 17200 ("UCL").  (COA 4) ...................................... 18

VI.   CONCLUSION ........................................................................................ 20

CERTIFICATE OF SERVICE ...................................................................... 21

BANK OF AMERICA, N.A.'s NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Abbott v. Bank of N.Y. Mellon* (D. Nev. Aug. 8, 2013)
  2013 U.S. Dist. LEXIS 111908 ........................................................................ 10

*Ackerman v. Nw. Mut. Life Ins. Co.*
  172 F.3d 467 (7th Cir. 1999) .......................................................................... 15

*Alsobrook v. Am. Home Mortg.*
  2013 U.S. Dist. LEXIS 76196 (S.D. Cal. May 30, 2013) ................................ 8

*Ansanelli v. JP Morgan Chase Bank, N.A.*
  No. C 10–03892 WHA, 2011 WL 1134451 (N.D. Cal., Mar. 28, 2011) ................ 18

*Apostol v. CitiMortgage, Inc.*
  13-cv-01983-WHO, 2013 U.S. Dist. LEXIS 167308 (N.D.Cal. Nov. 21, 2013) .................... 10

*Ashcroft v. Iqbal*
  129 S.Ct. 1937 (2009) .......................................................................... 4, 6

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007) .......................................................................... 4, 5

*Bergman v. Bank of America, N.A.*
  No. 13-cv-00741-JCS, 2014 U.S. Dist. LEXIS 7933 (N.D.Cal. Jan. 22, 2014) .................... 10

*Bly-Magee v. California*
  236 F.3d 1014 (9th Cir. 2001) .......................................................................... 15

*Brown v. Pacific Life Ins. Co.*
  462 F3d 384 (5th Cir. 2006) .......................................................................... 5

*Bunce v. Ocwen Loan Servicing, LLC*
  No. CIV. 2:13–00976 WBS EFB, 2013 WL 3773950 (E.D. Cal., July 17, 2013) ................ 17

*Carson v. Bank of America, N.A.*
  2012 WL 5041359, 4 (E.D.Cal.) (E.D.Cal.,2012) .................................................. 19

*Castaneda v. Saxon Mortg. Servs.*
  687 F. Supp. 2d 1191 (E.D. Cal. 2009) .............................................................. 17

*Chan v. Chancelor*
  2011 U.S. Dist. LEXIS 136235, 2011 WL 5914263 (N.D. Cal. Nov. 28, 2011) .................... 13

*Cooper v. Pickett*
  137 F.3d 616 (9th Cir. 1997) .......................................................................... 14

*Crowe & Dunlevy, P.C. v. Stidham*
   640 F.3d 1140 (10th Cir. 2011) ................................................................................ 5

*Davenport v. Litton Loan Servicing, LP*
   No. C 10-0679 RS, 2011 U.S. Dist. LEXIS 59870 (N.D. Cal. June 3, 2011) .......................... 8

*DeLeon v. Wells Fargo Bank, N.A.*
   No. 10–CV–01390–LHK, 2010 WL 4285006 (N.D. Cal., Oct. 22, 2010) ............................ 17

*Desaigoudar v. Meyercord*
   223 F.3d 1020 (9th Cir.2000), cert. denied, 532 U.S. 1021, 121 S.Ct. 1962, 149
   L.Ed.2d 757 (2001) ................................................................................................ 14

*Disabled Rights Action Committee v. Las Vegas Events, Inc.*
   375 F3d 861 (9th Cir. 2004) .................................................................................... 5

*Diunugala v. JP Morgan Chase Bank, N.A.*
   No. 12cv2106–WQH–NLS, 2013 WL 5568737 (S.D. Cal., Oct. 3, 2013) ............................ 17

*Dooms v. Federal Home Loan Mortgage Corp.*
   No. CV F 11–0352 LJO DLB, 2011 WL 1232989 (E.D. Cal., Mar. 31, 2011) ...................... 17

*Durning v. First Boston Corp.*
   815 F.2d 1265 (9th Cir. 1987) ............................................................................ 4, 13

*Edwards v. Marin Park, Inc.*
   356 F.3d 1058 (9th Cir. 2004) ................................................................................ 14

*Ferrington v. McAfee, Inc.*
   2010 U.S. Dist. LEXIS 106600 (N.D. Cal. 2010) ........................................................ 19

*Garcia v. Ocwen Loan Servicing, LLC*
   No. C 10–0290 PVT) 2010 WL 1881098 (N.D. Cal., May 10, 2010) ................................ 18

*Gonzalez v. Metropolitan Transp. Authority*
   174 F3d 1016 (9th Cir. 1999) .................................................................................. 5

*Halterman v. Bank of Am. N.A.*
   2013 U.S. Dist. LEXIS 47112 (C.D. Cal. Mar. 28, 2013) .............................................. 8

*Harris v. Wells Fargo Bank, N.A.*
   2013 U.S. Dist. LEXIS 61847 (N.D. Cal. 2013) .......................................................... 20

*Haskin v. R.J. Reynolds Tobacco Co.*
   995 F. Supp. 1437 (M.D. Fla. 1998) ........................................................................ 15

*In re Ferrero Litig.*
   2011 U.S. Dist. LEXIS 97488 (S.D. Cal. 2011) .......................................................... 13

*Javaheri v. JPMorgan Chase Bank, N.A.*
    2012 U.S. Dist. LEXIS 114510 (C.D. Cal. Aug. 13, 2012) ..................................... 8

*Kennedy v. Bank of America, N.A.*
    No. 12–CV–952 YGR, 2012 WL 1458196 (N.D. Cal., Apr. 26, 2012).................................. 17

*Kwan v. Wells Fargo Bank, N.A.*
    .2013 U.S. Dist. LEXIS 103102 (S.D. Cal. July 23, 2013).................................... 10

*Lozano v. AT&T Wireless Servs.*
    504 F.3d 718 (9th Cir. 2007)........................................................... 19

*McGill v. Wachovia Mortg., FSB Loan*
    2010 U.S. Dist. LEXIS 43393 (E.D. Cal. 2010) .................................... 13

*McNeil v. Home Budget Loans*
    2010 U.S. Dist. LEXIS 58111 (C.D. Cal. 2010) .................................... 6

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. ENC Corp.*
    464 F3d 885(9th Cir. 2006)............................................................ 4

*Moore v. Kayport Package Express, Inc.*
    885 F.2d 531 (9th Cir. 1989)........................................................ 14, 15

*Navarro v. Block*
    250 F.3d 729 (9th Cir. 2001)........................................................... 4

*Republic of Philippines v. Pimentel*
    553 US 851 (2008) ..................................................................... 5

*Roberts v. JP Morgan Chase Bank, N.A.* (N.D. Cal. Mar. 11, 2011)
    2011 U.S. Dist. LEXIS 24753 ....................................................... 12

*Sanguinetti v. CitiMortgage, Inc.*
    No. 12–5424 SC, 2013 WL 4838765 (N.D. Cal., Sept. 11, 2013)......................... 17

*Swartz v. KPMG LLP*
    476 F.3d 756 (9th Cir. 2007)......................................................... 15

*Tilley v. Ampro Mortg.*
    2011 U.S. Dist. LEXIS 136096 (E.D. Cal. 2011) ................................... 13

*Vess v. Ciba-Geigy Corp. USA*
    317 F.3d 1097 (9th Cir. 2003)...................................................... 13, 15

*Washington v. Nat'l City Mortg. Co.*
    Case No: C 10-5042 SBA, 2010 U.S. Dist. LEXIS 136439 (N.D. Cal. Dec. 15, 2010).......... 8

BANK OF AMERICA, N.A.'s NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF
POINTS & AUTHORITIES IN SUPPORT THEREOF

**CALIFORNIA CASES**

*Alvarez v. BAC Home Loan Servicing, L.P.*
   228 Cal.App.4th 941 (2014).................................................................................. 18

*Berryman v. Merit Prop. Mgmt., Inc.*
   152 Cal.App.4th 1544 (2007)............................................................................... 19

*Cadlo v. Owens-Illinois, Inc.*
   125 Cal. App. 4th 513 (2004)............................................................................... 13

*Cal-Tech Commc'ns., Inc. v. L.A. Cellular Tel. Co.*
   20 Cal.4th 163 (1999).......................................................................................... 18

*Durell v. Sharp Healthcare*
   183 Cal.App.4th 1350 (2010)............................................................................... 18

*Fontenot v. Wells Fargo Bank, N.A.*
   198 Cal. App. 4th 256 (2011)................................................................................. 9

*Garcia v. World Savings FSB*
   183 Cal. App. 4th 1031 (2013) ............................................................................ 16

*Glaski v. Bank of America*
   218 Cal. App. 4th 1079 (2013) ("*Glaski*") ............................................... 9, 10, 11

*Gomes v. Countrywide Home Loans, Inc.* (2011)
   192 Cal. App. 4th 1149 ..................................................................................... 9, 12

*Jenkins v. JPMorgan Chase Bank, N.A.*
   216 Cal. App. 4th 497 (2013)............................................................................ 9, 12

*Kan v. Guild Mortgage Co.*
   2014 WL 5192710 (Cal.App. 2 Dist., October 15, 2014) ............................. 2, 9, 12

*Khoury v. Maly's of Cal., Inc.*
   14 Cal.App.4th 612 (1993)................................................................................... 19

*Klein v. Earth Elements*
   59 Cal.App.4th 965 (1997)................................................................................... 19

*Krantz v. BT Visual Images*
   89 Cal.App.4th 164 (2001)................................................................................... 19

*Kruse v. Bank of Am.*
   202 Cal. App. 3d 38 (1988).................................................................................. 14

*Lazar v. Hertz Corp.*
   69 Cal.App.4th 1494 (1999)................................................................................. 19

BANK OF AMERICA, N.A.'s NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF
POINTS & AUTHORITIES IN SUPPORT THEREOF

*Lazar v. Super. Ct.*
  12 Cal.4th 631 (1996).................................................................. 13

*Lueras v. BAC Home Loans Servicing, LP*
  221 Cal.App.4th 49 (2013)........................................................ 17

*Mendoza v. City of L.A.*
  66 Cal. App. 4th 1333 (1998).................................................... 16

*Miller v. Provost* (1994)
  26 Cal. App. 4h 1703 .............................................................. 12

*Motors, Inc. v. Times Mirror Co.*
  102 Cal.App.3d 735 (1980)........................................................ 19

*Nymark v. Heart Fed. Sav. & Loan Ass'n*
  231 Cal. App. 3d 1089 (1991)..................................................... 16

*Oaks Mgmt. Corp. v. Super. Ct.*
  145 Cal. App. 4th 453 (2006)..................................................... 17

*People v. McKale*
  25 Cal. 3d 626 (1979)............................................................... 18

*Perlas v. GMAC Mortgage LLC*
  187 Cal.App.4th 429 (2010)....................................................... 20

*S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*
  72 Cal.App.4th 861 (1999)........................................................ 19

*Saunders v. Sup. Ct.*
  27 Cal.App.4th 832 (1994)........................................................ 18

*Scripps Clinic v. Superior Court*
  108 Cal.App.4th 917 (2003)....................................................... 19

*Toscano v. Greene Music*
  124 Cal.App.4th 685 (2004)....................................................... 16

*Vasquez v. Residential Invs., Inc.*
  118 Cal. App. 4th 269 (2004)..................................................... 16

*Wright v. City of Morro Bay* (2006)
  144 Cal. App. 4th 767 ............................................................. 12

**CALIFORNIA STATUTES**

Cal. Bus. & Prof. Code § 17200 ("UCL") ..................................... 18, 19, 20

Cal. Civ. Code § 2932.5 ................................................................. 9

Code Civ. Proc. §§ 760.020(a)-(e) .................................................................................. 11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 ("Rule 8") ................................................................................... 5, 6, 7

Fed. R. Civ. P. 8(a) .................................................................................................. 5, 6

Fed. R. Civ. P. 8(a)(2) ................................................................................................. 6

Fed. R. Civ. P. 9 ........................................................................................................ 13

Fed. R. Civ. P. 9(b) ................................................................................ 1, 14, 15, 19, 20

Fed. R. Civ. P. 12(b)(6) .......................................................................................... 1, 4

Fed. R. Civ. P. 19 ............................................................................................ 1, 2, 4, 5

Fed. R. Civ. P. 19(a) .................................................................................................... 4

Fed. R. Civ. P. 19(b) .................................................................................................... 4

BANK OF AMERICA, N.A.'s NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF
POINTS & AUTHORITIES IN SUPPORT THEREOF

1      **STATEMENT OF ISSUES PRESENTED AND RELIEF SOUGHT**

2           Defendant BANK OF AMERICA, N.A. ("Defendant" or "BANA") submits this Motion to

3 Dismiss the Complaint pursuant to Fed. R. Civ. Proc. Rule 12(b)(6) for an order dismissing

4 Plaintiff MICHAEL T. NOBLE's ("Plaintiff") Complaint and all claims alleged against

5 Defendant.[1]  The grounds for this motion are: (1) Plaintiff has failed to state a claim against

6 Defendant upon which relief can be granted [Fed. Rule Civ. P. 12(b)(6)]; (2) the Complaint is not

7 pled with the particularity requirements of Fed. Rule Civ. P. 9(b); (3) Plaintiff fails to join a

8 necessary and indispensable party [Fed. Rule Civ. P. 19]; (4) the Complaint's defects are such that

9 they are incurable and incapable of amendment; and (5) Plaintiff can prove no set of facts in

10 support of his claims which would entitle him to relief.  Accordingly, the Complaint as against

11 BANA should be dismissed with prejudice.

12      **MEMORANDUM OF POINTS AND AUTHORITIES**

13 **I.**      **INTRODUCTION**

14           Plaintiff files this "wrongful foreclosure" suit in the absence of any current foreclosure

15 process essentially asking the Court to condone his failure to pay his mortgage loan for the real

16 property located at 19024 Fieldstone Court, Salinas, CA 93908 (the "Property").   Although the

17 Complaint references a "Notice of Default" and foreclosure process allegedly pursued by the new

18 servicer Fay Servicing, the Complaint fails to allege that a trustee's sale has been set and fails to

19 attach any recorded Notice of Default or Notice of Trustee's Sale to evidence any current

20 foreclosure process.  These proceedings are therefore premature to the extent there is no

21 foreclosure process to stop and no current issue with Plaintiff's title to the Property with regard to

22 the defendants.

---

24       [1] Plaintiff names a number of defendants to the current suit, including Defendant Fay

25 Servicing LLC ("Fay Servicing"), U.S. Bank, National Association, as Trustee for PROF-2013-S3 REMIC Trust III (erroneously sued as "Prof-2013-S3 REMIC Trust III; US Bank, N.A.") and

26 Mortgage Electronic Registration Systems, Inc. ("MERS") (erroneously sued as "Mortgage Electronic Registration System, Inc.") (collectively with BANA referred to as "Defendants").

27 The other defendant entities are represented by separate counsel, and this motion to dismiss is filed only on behalf of BANA.

28

The Complaint is flawed for several additional reasons. First, Plaintiff fails to name the other borrower on the subject loan. Conspicuously absent from the Complaint is Plaintiff's alleged ex-wife, Brenda M. Noble, who Plaintiff claims quitclaimed the Property to him as part of their divorce. (Compl. ¶ 52). Despite this claim, Plaintiff fails to attach to the Complaint a recorded quitclaim from Brenda Noble releasing her interest in the Property. (*See* Compl. generally). Instead, Plaintiff attaches the Deed of Trust which clearly establishes "Brenda Noble" as a borrower for the Loan, and therefore under Fed. Rule Civ. P. 19 she is a necessary and indispensable party to this action. (*See* Compl. Ex. 1).

Second, Plaintiff's securitization claims and demand for quiet title are meritless. The crux of Plaintiff's case is the vague allegation that the beneficial interest in the deed of trust was "fraudulently" transferred and that the current lienholder has no valid interest in the deed of trust where it was assigned to a trust after the closing date of the trust. Plaintiff's securitization claims have been thoroughly considered by this Court, and they fail as a matter of law. The claims are meaningless where there is no current foreclosure process and no need to "quiet" title in Plaintiff. Furthermore, under a recent California Court of Appeal decision in *Kan v. Guild Mortgage Co.* 2014 WL 5192710 (Cal.App. 2 Dist., October 15, 2014), Plaintiff's pre-foreclosure cause of action for quiet title based on alleged defects in the securitization process is precluded by California's nonjudicial foreclosure statutes.

Finally, Plaintiff asserts fraud, negligence and unfair competition claims against Defendant based on the alleged mishandling of the loan modification process. However, Plaintiff's claims are nonsensical and uncertain where the Complaint admits that BANA, in fact, offered Plaintiff a loan modification. He alleges that BANA "mishandled" the modification application by requesting Plaintiff's divorce decree and Brenda Noble's quitclaim deed, but any delay caused in the modification process due to Plaintiff's failure to provide these documents prior to the service release to Fay Servicing is Plaintiff's own fault. Not only does Plaintiff fail to state a case for the breach of any alleged duty of care that was allegedly owed to him during the modification review, he fails to provide any kind of specificity to support a fraud claim against BANA. For the above reasons, the Complaint should be dismissed without leave to amend.

## II.      FACTUAL BACKGROUND

On May 9, 2007, Plaintiff financed a mortgage loan of $776,000 through Aegis Wholesale Corporation as the original lender, and executed a Deed of Trust ("DOT") which named Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for the lender and its successors and assigns, and Commonwealth Land Title ("Commonwealth") as the trustee (the "Loan").  (Compl., **Ex. 1 [DOT]**).[2]

On August 28, 2012, MERS as nominee for the lender recorded an Assignment of the Deed of Trust, assigning all beneficial interest to Bank of America, N.A.  (Compl. **Ex. 2 [BANA Assignment]**).  On May 12, 2014, BANA recorded an Assignment of the Deed of Trust, further assigning all beneficial interest to U.S. Bank, National Association, as Trustee for PROF-2013-S3 REMIC Trust III.  (Compl. **Ex. 3 [U.S. Bank Assignment]**.  There are no further relevant recorded documents attached to the Complaint, and no specific reference to an actual, recorded Notice of Default or Notice of Trustee's Sale, no indication that a foreclosure sale date is scheduled or has already occurred.  (*See* Compl. generally).

Plaintiff admits that he defaulted on the Loan at some unknown point in time while facing divorce and "relying on BANA's representation that he was not eligible for modification while he was current on the payments."  (Compl. ¶ 22).  Although not clear from the allegations in the Complaint, Plaintiff apparently underwent a modification review at some unknown point in time after he stopped making payments on the Loan.  (Compl. ¶¶ 22-23).  Plaintiff further alleges that Fay Servicing "is now attempting to collect and/or foreclose on the Property purportedly acting on behalf of the TRUST. But, the TRUST has no valid interest in Plaintiff's loan and, therefore, FAY has no power to collect or foreclose as the agent of the TRUST."  (Compl. ¶ 25).  Plaintiff further alleges that "[n]one of the Defendants are [sic] the true beneficiaries and/or have any interest in the Property. Further, none of the Defendants are [sic] in privity of contract with Plaintiff and,

---

[2] The recorded documents also reflect a junior loan of $100,000 originated on June 15, 2006 with Provident Credit Union as the lender.  There appears to be a second junior loan of $303,000 originated on May 31, 2007 with Washington Mutual Bank as the original lender. Neither of these junior liens is at issue in the present Complaint.

BANK OF AMERICA, N.A.'s NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF

1  therefore, there is no power of sale bestowed upon any of the foreclosing Defendants."  (Compl. ¶

2  27).  Finally, Plaintiff alleges that unidentified "Defendants" issued a Notice of Default but that

3  the trustee was not authorized to issue the Notice of Default on behalf of the beneficiary.  (Compl.

4  ¶ 28).  Plaintiff fails to support his allegations concerning the recordation of a Notice of Default or

5  foreclosure by attaching the relevant recorded foreclosure documents, and he makes no effort to

6  specifically describe the alleged Notice of Default in the Complaint.  (*See* Compl. generally).  In

7  fact, Plaintiff cannot attach a Notice of Default to his Complaint because there is no current

8  foreclosure process and therefore no recorded foreclosure documents exist in the official records

9  for Monterey County.

## III.   STANDARD OF REVIEW

11       Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) test the legal sufficiency of the

12  Complaint.  *See Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).  Mere "labels and

13  conclusions" and/or "formulaic recitation[s] of the elements of a cause of action" will not suffice

14  to overcome a motion to dismiss. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).  Rather,

15  Plaintiff must allege sufficient facts to state a claim that is "plausible on its face…allow[ing] the

16  court to draw the reasonable inference that [Defendants are] liable for the misconduct alleged."

17  *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  When considering a motion to dismiss, the Court

18  should also disregard allegations that are contradicted by exhibits to the complaint or by

19  documents referred to therein and considered pursuant to judicial notice.  *Durning v. First Boston*

20  *Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987).

## IV.   THE COMPLAINT IS GLOBALLY DEFECTIVE

### A.   The Complaint Must Be Dismissed for Failure to Include an Indispensable Party.

24       Federal Rule of Civil Procedure 19 deals with "joinder of persons needed for just

25  adjudication."  FRCP 19(a) requires joinder of persons traditionally denominated as "necessary";

26  FRCP 19(b) requires joinder of those traditionally denominated as "indispensable," which must

27  meet a higher standard than "necessary."  *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. ENC*

28  *Corp.,* 464 F3d 885, 891(9th Cir. 2006).  "Necessary" refers to a party who should be joined *if*

4

*feasible*. "Indispensable" refers to a party whose participation is so important to resolution of the case that, if not joined, the suit must be dismissed. *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F3d 861, 867, fn. 5 (9th Cir. 2004); *Brown v. Pacific Life Ins. Co*., 462 F3d 384, 393–394 (5th Cir. 2006) (noting that Rule 19 inquiry is "highly practical" and "fact-based").

Whether an absent party is indispensable is a "pragmatic and equitable judgment, not a jurisdictional one." *Gonzalez v. Metropolitan Transp. Authority,* 174 F3d 1016, 1019 (9th Cir. 1999); *Crowe & Dunlevy, P.C. v. Stidham,* 640 F.3d 1140, 1149 (10th Cir. 2011). A party is "indispensable" where an action should not proceed ("in equity and good conscience") in the party's absence. Under such circumstances, if joinder is not feasible, the action must be dismissed. *Republic of Philippines v. Pimentel*, 553 US 851, 856 (2008).

Here, the Deed of Trust identifies the Borrowers "Brenda Noble and Michael T. Noble, Wife and Husband as Joint Tenants" as the trustors. (*See* Compl. Ex. 1). The Complaint alleges that Brenda Noble and Michael Noble divorced, and that Brenda recorded a quitclaim deed releasing her interest in the Property to Michael Noble. (Compl. ¶ 52). However, the Complaint fails to attach the relevant quitclaim deed and makes no effort to describe the alleged quitclaim deed specifically by date or when it was allegedly recorded. (*See* Compl. generally). In fact, the Complaint actually establishes that Brenda Noble is an indispensable party because it attaches the Deed of Trust which shows that as a borrower and co-trustor on the Deed of Trust Brenda Noble may also have her own claims concerning the claims alleged in this action. (Compl. Ex. 1). Brenda Noble is not a party to this action but her rights under the Deed of Trust will be adjudicated in her absence. If Brenda Noble is not joined, and her interests are not adjudicated in the present suit, Defendant is exposed to the possibility of additional lawsuits on the same matters, and potentially inconsistent outcomes. Therefore, this action should not be allowed to proceed in Brenda Noble's absence. For this reason alone, Defendant's Motion to Dismiss must be granted.

**B.     The Complaint Must Be Dismissed for Failure to Satisfy Fed. R. Civ. P. 8(A).**

Plaintiff's claims are governed by Fed. R. Civ. P. 8 ("Rule 8") which requires a complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S.

at 555.  Plaintiff must plead sufficient facts "to provide the 'grounds' of [her] entitle[ment] to relief, [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." *Id*.  A pleading must contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief.  *See* Fed. R. Civ. P. 8(a).  A complaint may be dismissed under Rule 8 where it fails to "raise a right to relief above a speculative level" and "must not be "so vague or ambiguous that a party cannot reasonably be expected to frame a responsive pleading."  *Id*. at 555.  The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible.  *Iqbal,* 129 S.Ct. at 1950.  Such factual allegations must provide enough information for "the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged."  *Id.* at 1149.

Rule 8 is violated where "it is nearly impossible to discern a short and concise set of facts underlying the multitude of claims, including which claims are asserted against which Defendants and for what reasons."  *McNeil v. Home Budget Loans* 2010 U.S. Dist. LEXIS 58111 (C.D. Cal. 2010).

The Complaint in the instant action is uncertain because Plaintiff fails to provide Defendant with fair notice of the claims alleged against it where Plaintiff fails to differentiate among the different "Defendants" against whom wrongdoing is alleged as part of his claim that the Loan was improperly securitized.  Plaintiff makes no effort to identify specific conduct asserted against specific defendants, and instead lumps them together in one reference of "Defendants."   (*See e.g.* Compl. ¶¶ 27, 28, 34).   Additionally, the Complaint is uncertain because Plaintiff fails to specifically identify the nature of the alleged "fraudulent transfer" of the loan in the U.S. Bank Assignment.  Plaintiff simply alleges that the assignment was "fraudulent" and that Defendants fraudulently caused to be recorded "void assignments," Compl. ¶¶ 35, 103, and that Defendants hold no beneficial interest in the Loan and failed to comply with the foreclosure requirements of California law. (Compl. ¶ 28).  Despite these allegations, Plaintiff fails to offer any supporting averments with any detail about the specific nature of the alleged fraud involved in the assignment.  (*See* Compl. generally).  The allegations are conclusory statements with nothing

6

1    more to allow Defendant to adequately respond to the allegations of fraud, quiet title and unfair

2    business practices asserted.  As Plaintiff's allegations fail Rule 8's basic requirements and do not

3    permit Defendant to assert defenses to Plaintiff's allegations or address Plaintiff's claimed

4    damages, the Complaint should be dismissed.

5            **C.      Plaintiff's Securitization Claims Fail.**

6                    **1.      Plaintiff Lacks Standing to Challenge the Assignment of the DOT.**

7            Plaintiff's securitization claims are unclear and uncertain.  He first asserts that MERS

8    assigned the beneficial interest in the Loan to BANA based on the BANA Assignment which was

9    recorded on August 28, 2012.  (Compl. ¶ 19, Ex. 2).  Plaintiff does not appear to allege directly

10   that the BANA Assignment was improper or failed to transfer the beneficial interest in the Loan to

11   BANA.  However, he goes on to allege that a second assignment occurred which was

12   memorialized in the U.S. Bank Assignment that Plaintiff claims happened "on or around April 1,

13   2014."  (Compl. ¶ 24, Ex. 3).  On that basis, Plaintiff asserts that "[n]one of the Defendants are the

14   true beneficiaries and/or have any interest in the Property. Further, none of the Defendants are in

15   privity of contract with Plaintiff and, therefore, there is no power of sale bestowed upon any of the

16   foreclosing Defendants."  (Compl. ¶ 27).  Plaintiff continues on information and belief that his

17   "allegations herein are based on Defendants' failure to comply with the foreclosure requirements

18   of California law, in that: (1) Plaintiff has shown that Defendants  do not hold such beneficial

19   interest sufficient to constitute standing to enforce a valid foreclosure of the Property; and (2)

20   Defendants  have issued an NOD which alleges that the purported Trustee was authorized to issue

21   such NOD on behalf of a beneficiary of the Deed of Trust, when the judicially noticeable

22   documents clearly show they did not have such authority at that time."  (*See* Compl. 28).  The

23   Complaint contains no other averments or support for the allegation that "Defendants" allegedly

24   failed somehow to comply with 'foreclosure requirements of California law" or how exactly

25   Plaintiff has shown that "Defendants" do not hold the beneficial interest and therefore "lack

26   standing to enforce a valid foreclosure …"

27           Plaintiff's statements are nonsensical as there is no "judicially noticeable" foreclosure

28   process and no Notice of Default under which he can claim "Defendants" lack standing to

7

foreclose.  (*See* Compl. generally).  Without a foreclosure, Plaintiff's statements simply make no sense.  In fact, even if there were a valid foreclosure in this case – which at some point there very well could be since Plaintiff is admittedly in default on his Loan -- it is Plaintiff who lacks standing to make such a challenge to the servicer's right to foreclose because Plaintiff was not a signatory to nor a third party beneficiary of either the BANA or U.S. Bank Assignments. (*See* Compl. Exhs. 2 and 3).  *See, e.g., Halterman v. Bank of Am. N.A.*, 2013 U.S. Dist. LEXIS 47112, at *2 n.1 (C.D. Cal. Mar. 28, 2013).  A plaintiff who is not a party to an assignment of a deed of trust has no standing to challenge the validity of those documents.  *Alsobrook v. Am. Home Mortg.,* 2013 U.S. Dist. LEXIS 76196, at *9-10 (S.D. Cal. May 30, 2013); *Javaheri v. JPMorgan Chase Bank, N.A.,* 2012 U.S. Dist. LEXIS 114510, at *16-17 (C.D. Cal. Aug. 13, 2012).  The reasoning for this rule of law is that a plaintiff cannot suffer any concrete injury as a result of any defects in those documents because he was not a party to them.  *Id.*  Here, Plaintiff challenges the Assignments without demonstrating that there was any foreclosure process to contest, or demonstrating that Plaintiff has any rights under such Assignments.  The motion to dismiss should be granted without leave to amend.

### 2. The Timing of Recordation of the Assignment Has No Bearing on the Validity of the Assignment.

Plaintiff argues that BANA could not have legally assigned the beneficial interest in the Loan by recording the U.S. Bank Assignment on April 1, 2014 because the "Trust" allegedly closed in 2013.  (Compl. at p. 24).  The issue of whether the Assignment was properly executed and recorded has been addressed by courts in California that have regularly rejected Plaintiff's argument that assignments of beneficial interest must be recorded when the right to foreclose is based on the Deed of Trust.  *See Davenport v. Litton Loan Servicing, LP*, No. C 10-0679 RS, 2011 U.S. Dist. LEXIS 59870, 16 (N.D. Cal. June 3, 2011) ("[Plaintiff] fails to . . . cite to any legal authority . . . to suggest such a notice or recordation requirement actually exists, much less that a failure to notify [Plaintiff] of assignment renders any resulting sale at foreclosure void. Indeed, the deed of trust itself provides that the beneficial interest may be sold one or more times without notifying [Plaintiff]."); *Washington v. Nat'l City Mortg. Co*., Case No: C 10-5042 SBA, 2010 U.S.

8

Dist. LEXIS 136439, 12-13 (N.D. Cal. Dec. 15, 2010) ("Plaintiffs contend that [Defendant] has no enforceable right under the Note because 'there is no evidence of a recorded assignment of the right to payment of money,' as required by § 2932.5. This contention lacks merit . . . Here, the Notice of Default  . . . is based on the right to foreclose contained in the Deed of Trust . . . As such, whether or not [Defendant] recorded the assignment of the Note is inapposite.")  Thus, the timing of the recordation of the U.S. Bank Assignment is of no consequence to the fact of the Assignment, and Plaintiff's conclusory allegations concerning the timing of the alleged recordation of the Assignment coming after the alleged closing date of the "Trust," have no impact on the validity of the U.S. Bank Assignment – or ultimately once there is a valid foreclosure process in place, on the Defendants' standing and authority to foreclose.  The Motion to Dismiss should be granted in its entirety as Plaintiff's securitization claims fail.

### 3.   Plaintiff's *Glaski* Argument Fails.

Plaintiff raises issues that have recently been articulated in *Glaski v. Bank of America,* 218 Cal. App. 4th 1079 (2013) ("*Glaski*") to support his theory that "Defendants" lack the power to foreclose because of "failed securitization." Plaintiff alleges the transfer of the beneficial interest in the Deed of Trust "failed" where there is no evidence the transfer occurred prior to the closing date of the "trust pool" in 2013.  (Compl. ¶¶ 24, 37103).  The *Glaski*, Court concluded that if there is a specific factual basis, "a borrower may challenge the securities trust's chain of ownership by alleging the attempts to transfer the deed of trust to the securities trust (formed under N.Y. law) occurred after the trust's closing date.  Transfers that violate the terms of the trust instrument are void under New York trust law and borrowers have standing to challenge void assignments of their loans even though they are not a party to, or a third-party beneficiary of, the assignment agreement."  *Glaski,* 218 Cal. App. 4th at 1083.

Both state and federal cases interpreting California law agree that a borrower lacks standing to challenge the validity of a foreclosure based upon securitization.  For state cases, *see Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal. App. 4th 497, 515; *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal. App. 4th 256, 271-272; *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal. App. 4th 1149, 1156; *Kan v. Guild Mortgage Co.* 2014 WL 5192710

(Cal.App. 2 Dist., October 15, 2014) (homeowner's pre-foreclosure cause of action for quiet title, based on alleged defects in the securitization process, was precluded by the nonjudicial foreclosure statutes).  The *Glaski* opinion has been resoundingly rejected by the United States District Court for the Northern District of California.  This Court recently observed that "courts in this District have expressly rejected *Glaski*."  *Apostol v. CitiMortgage, Inc.*, 13-cv-01983-WHO, 2013 U.S. Dist. LEXIS 167308 (N.D.Cal. Nov. 21, 2013) (declining to follow *Glaski*).  This Court recently refused to apply *Glaski* in two other cases.  *See Bergman v. Bank of America, N.A.*, No. 13-cv-00741-JCS, 2014 U.S. Dist. LEXIS 7933, at *11 (N.D.Cal. Jan. 22, 2014) (opinion authored by Hon. Joseph C. Spero); *Kwan v. Wells Fargo Bank, N.A.*. 2013 U.S. Dist. LEXIS 103102  (S.D. Cal. July 23, 2013) ("The majority of the district courts in the Ninth Circuit have held that plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA.").   For other federal cases see, e.g. *Abbott v. Bank of N.Y. Mellon* (D. Nev. Aug. 8, 2013) 2013 U.S. Dist. LEXIS 111908 ("The securitization argument has been repeatedly rejected by this district because it does not alter or change the legal beneficiary's standing to enforce the deed of trust. The plaintiff's securitization challenge fails to state a claim and is dismissed.")

The Complaint argues that the assignment to U.S. Bank was invalid because the Assignment supposedly was recorded after the trust closed.  (Compl. ¶ 37).  However, *Glaski* is inapplicable to the instant case as it involves allegations not made here.  *Glaski* is based upon New York law and involved the transfer of a deed of trust into a trust pool after the closing date of the trust.  By contrast, Plaintiff in the present action asserts that the transfer occurred after the alleged closing of the trust in 2013 solely because the assignment was executed and recorded in 2014. (Compl. ¶¶ 24, 37).  Plaintiff's unsupported assertions are misguided and do not bring this action within the narrow exception set forth in *Glaski*.  The Deed of Trust was assigned to U.S. Bank as noted in the recorded U.S. Bank Assignment.  (Compl. Ex. 3).  Plaintiff fails to articulate any other basis for challenging the assignment other than the timing of the recordation of the U.S. Bank Assignment.  (*See generally* Compl.).  However, as explained in section IV.C.1 and 2, these arguments are erroneous and any claims that rely upon them should be dismissed with prejudice.

1    The *Glaski* case is also distinguishable from the instant action.  Per the Deed of Trust, New

2    York trust law is inapplicable.  (Compl. Ex. 1 at p. 2, subsection (J) "Applicable Law.")  In

3    addition, Plaintiff makes no concrete allegation that his DOT was transferred into a trust pool after

4    the applicable closing date.  (*See generally*, Compl.)  Instead, Plaintiff merely avers the Loan must

5    not have been transferred into the Trust before the closing date because the Assignment was

6    recorded a year later.  (Compl. ¶ 37).  Plaintiff makes no other averments concerning the alleged

7    "fraudulent" transfer of the Loan.  (*See* Compl. generally).  Accordingly, to the extent *Glaski*

8    stands for the narrow proposition that a limited circumstance exists to permit a challenge to an

9    assignment upon a specific factual basis of violation of New York trust law in violation of the

10   applicable pooling and servicing agreement, the allegations involved in *Glaski* simply are not

11   present here nor alleged in the Complaint.  Accordingly, Plaintiff's claims based on improper

12   securitization fail for this additional reason and this motion should be granted without leave to

13   amend.

14   **V.    PLAINTIFF'S INDIVIDUAL CLAIMS FAIL ON THE MERITS**

15        **A.    The Quiet Title Claim Fails (COA 1).**

16        Plaintiff requests this Court quiet title in the Property and "set aside the pending

17   foreclosure action."  (Compl. ¶ 42).  However, to state a cause of action to quiet title, Plaintiff

18   must include:  1) a description of the subject property; 2) the title of Plaintiff as to which

19   determination is sought and the basis of the title; 3) the claims adverse to the title of the Plaintiff

20   against which a determination is sought; 4) the date as of which the determination is sought; and

21   5) a prayer for determination of the title of the Plaintiff against adverse claims. See Code Civ.

22   Proc. §§ 760.020(a)-(e).

23        First, Plaintiff's quiet title claim fails as a matter of law because there is no active

24   foreclosure process for the Property and thus no justiciable case or controversy concerning

25   Defendant's alleged interest in the Property.  Plaintiff fails to attach any recorded foreclosure

26   documents to his Complaint because they simply do not exist.  (*See* Compl. generally).

27        Second, Plaintiff cannot "override" the California nonjudicial foreclosure statute by raising

28   a quiet title challenge to the Defendants' right to foreclosure, assuming there was a proper

foreclosure process in place for the Property.  Recently, in *Kan v. Guild Mortgage*, the California Court of Appeal held that in a case involving a pre-foreclosure claim for quiet title, the nonjudicial foreclosure statute precluded plaintiff's challenge because the foreclosing beneficiary of the deed of trust need not first demonstrate its right to foreclose.  *Gomes,* 192 Cal.App.4th 1149, 1154–1156.  Relying on the *Jenkins* case, the Court in *Kan v. Guild Mortgage* held that allowing a plaintiff to assert a preemptive action like alleged here "would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature" and "would be inconsistent with the policy behind nonjudicial foreclosure of providing a quick, inexpensive and efficient remedy."  *Kan v. Guild Mortgage*, 2014 WL 5192710 at 4.

Third, Plaintiff fails to demonstrate why his legal interest in the Property is greater than the defendants.  "[I]if the plaintiff fails to show any legal interest in the property in controversy, and as to which he asserts title, he must fail altogether…" *Wright v. City of Morro Bay* (2006) 144 Cal. App. 4th 767, 775.  This is precisely the case here as Plaintiff never gives any valid basis for his claim to legal title of the Property.  (Compl. ¶¶ 109-112).  Plaintiff's securitization arguments to challenge the validity of the recorded documents or Defendants' standing to foreclose are invalid as discussed above in section IV.C.

Finally, Plaintiff's quiet title claim fails because he has not paid and has not alleged credible tender of the outstanding debt on the Property.  *Roberts v. JP Morgan Chase Bank, N.A.* (N.D. Cal. Mar. 11, 2011) 2011 U.S. Dist. LEXIS 24753, *21-22 (citing *Miller v. Provost* (1994) 26 Cal. App. 4h 1703, 1707 ("a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgage)). Thus, the claims to quiet title and cancel foreclosure documents fail as a matter of law.

**B.      Plaintiff Fails to State a Claim for "Promissory Fraud."  (COA 2)**

Plaintiff bases his second cause of action for "promissory fraud" on the allegation that he was denied a loan modification because, even though he admits that BANA offered him a permanent modification in December 2012, the modification was delayed due to Plaintiff's failure to provide the required divorce decree and quitclaim deed for Brenda Noble.  (Compl. ¶¶ 44-60). Defendant is unsure whether Plaintiff intends to plead a cause of action for promissory estoppel or

BANK OF AMERICA, N.A.'s NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF

fraud against BANA.

1. **To the extent Plaintiff intends to plead a claim for fraud, the claim fails for lack of specificity, intent, reliance or damages.**

Under California law, the elements of a claim for fraud are: (1) misrepresentation of a material fact; (2) knowledge of falsity (or "scienter"); (3) intent to defraud; (4) justifiable reliance on the misrepresentation; and (5) resulting damage. *Lazar v. Super. Ct.,* 12 Cal.4th 631, 638 (1996). Plaintiff's fraud allegations must also meet the requirements of Fed. R. Civ. P. 9. *See, e.g., Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003); *Tilley v. Ampro Mortg.*, 2011 U.S. Dist. LEXIS 136096, 20 (E.D. Cal. 2011) ("To avoid dismissal, the complaint must describe the time, place and specific content of the false representations and identify the parties to the misrepresentations . . ."). *Accord In re Ferrero Litig.*, 2011 U.S. Dist. LEXIS 97488, 8 (S.D. Cal. 2011) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."). Where, as here, a fraud claim is brought against a corporate entity, the complaint must also set forth the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *See Chan v. Chancelor*, 2011 U.S. Dist. LEXIS 136235, 2011 WL 5914263, *13-14 (N.D. Cal. Nov. 28, 2011); *McGill v. Wachovia Mortg., FSB Loan*, 2010 U.S. Dist. LEXIS 43393, 27 (E.D. Cal. 2010). Plaintiff cannot plead a claim for fraud, nor does the Complaint meet the Rule 9 requirements:

***First***, Plaintiff has failed to plead facts showing reliance. "[T]he mere assertion of 'reliance' is insufficient. The plaintiff must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance." *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004). Plaintiff simply claims that he "relied" on BANA's alleged representation that he would qualify for a modification if he stopped making payments. (Compl. ¶ 47). However, the Complaint also asserts that BANA offered Plaintiff a modification of his loan. (Compl. ¶ 51). Thus, Plaintiff got exactly what he claims he was promised and there is nothing detrimental alleged concerning Plaintiff's alleged reliance on BANA's statements and offer of a loan modification.

13

**Second**, Plaintiff cannot plead damages.  "It is axiomatic that to obtain a recovery for fraud, a claimant must prove, inter alia, that damages were sustained as a proximate cause of the fraudulent conduct."  *Kruse v. Bank of Am*., 202 Cal. App. 3d 38, 60 (1988). "[N]o liability attaches if the damages sustained were otherwise inevitable or due to unrelated causes."  *Id.*  Here, Plaintiff claims that he incurred late fees and other charges due to the fact that BANA required him to provide his final divorce decree and a quitclaim from the co-borrower.  (Compl. ¶¶ 57-58). Such allegations do not show that Plaintiff suffered damages as a result of conduct during the modification process.  BANA needed Brenda Noble's quitclaim and the divorce decree as part of the modification process.  Obviously Plaintiff's personal financial information alone would not have been enough if the loan was being modified for both borrowers, and there was nothing unreasonable concerning BANA's request that Plaintiff provide documentation to prove that the ex-wife was off the title to the Property.  Plaintiff failed to provide the requested documents – and therefore his application was incomplete – prior to the date the Loan was service released to Fay Servicing.  (Compl. ¶¶ 52, 58-59).  Thus, Plaintiff is at fault for any accrued late fees and charges due to his own failure to complete the application and get the Loan modified before the date of service release.

**Third,** Federal Rule of Civil Procedure 9(b) specifies that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See Desaigoudar v. Meyercord,* 223 F.3d 1020, 1022-23 (9th Cir.2000), cert. denied, 532 U.S. 1021, 121 S.Ct. 1962, 149 L.Ed.2d 757 (2001) (fraud must be pleaded "with a high degree of meticulousness").  This "particularity" requirement means that a plaintiff must specifically plead (1) the misrepresentation, (2) the speaker and his or her authority to speak, (3) when and where the statements were made, (4) whether the statements were oral or written and, in the latter instance, the specific documents containing the representations, and (5) the manner in which the representations are allegedly false or misleading.  *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989*); see also Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997) (Plaintiff is required to plead "the who, what, when, where, and how that would suggest fraud") (internal quotation marks omitted); *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1066 (9th Cir.

14

1  2004) ("To avoid dismissal for inadequacy under Rule 9(b), [the] complaint would need to state

2  the time, place, and specific content of the false representations as well as the identities of the

3  parties to the misrepresentation.") (internal quotation marks omitted).

4       There are several purposes for the specificity requirement. "By requiring the plaintiff to

5  allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to

6  conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is

7  responsible and supported, rather than defamatory and extortionate." *Ackerman v. Nw. Mut. Life*

8  *Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999). Essentially, the Rule "demands that, when averments

9  of fraud are made, the circumstances constituting the alleged fraud 'be specific enough to give

10  defendants notice of the particular misconduct … so that they can defend against the charge and

11  not just deny that they have done anything wrong.'" *Vess*, 317 F.3d at 1106 (quoting *Bly-Magee v.*

12  *California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (additional quotation marks omitted).

13       "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but

14  'require[s] plaintiffs to differentiate their allegations when suing more than one defendant … and

15  inform each defendant separately of the allegations surrounding his alleged participation in the

16  fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (alterations in original)

17  (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)). "In the

18  context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identify the

19  role of each defendant in the alleged fraudulent scheme.'" *Swartz*, 476 F.3d. at 765 (original

20  alterations omitted) (quoting *Moore*, 885 F.2d at 541).

21       Here, Plaintiff's Complaint lacks any specificity as to his fraud claim other than the

22  conclusory claim that BANA represented "he would qualify for modification if he defaulted on

23  payments and stopped making his monthly mortgage payments." (Compl. ¶¶ 93, 101). Plaintiff

24  avers that he spoke with three specific individuals at the bank "on a few occasions," Compl. ¶¶ 49,

25  but he never alleges who actually is alleged to have made promises to him concerning loan

26  modification. In any event, Plaintiff admits that BANA did, in fact, offer him a modification in

27  which case the alleged fraud is even more vague and uncertain. (Compl. ¶ 51). Measured against

28  Rule 9(b)'s demanding standard, Plaintiff has utterly failed to plead the fraud count with

1  specificity.  Thus, the fraud claim is not specific and must be dismissed with prejudice.

2          **2.**        **The Complaint fails state a claim for Promissory Estoppel.**

3        Promissory estoppel requires "(1) a clear promise, (2) reliance, (3) substantial detriment,

4  and (4) damages measured by the extent of the obligation assumed and not performed." *Toscano*

5  *v. Greene Music,* 124 Cal.App.4th 685, 692 (2004).  Plaintiff fails to assert a "clear and

6  unambiguous promise" as he only vaguely pleads that Defendant allegedly "promised" that he

7  would qualify for a loan modification if he stopped making payments.  (Compl. ¶ 46).  Plaintiff

8  also fails to plead reliance, damages, or an obligation promised but not performed, all of which are

9  necessary to state a claim for promissory estoppel. *Toscano,* 124 Cal. App. 4th at 692.  Where a

10  lender is alleged to have made a gratuitous promise to postpone foreclosure on a property, the

11  borrower may only establish injury as a result of reliance under very narrow circumstances.  *See,*

12  *e.g.*, *Garcia v. World Savings FSB,* 183 Cal. App. 4th 1031 (2013). Plaintiff admits he was offered

13  a modification, Compl. ¶ 51, and has alleged no reliance or damage within this exception of

14  *Garcia v. World Savings FSB,* and the motion to dismiss should be granted with prejudice.

15        **C.**      **The Complaint Fails to State a Cause of Action for Negligence.  (COA 3)**

16        Plaintiff claims that Defendant acted negligently in its handling of his loan modification

17  application.  (Compl. ¶ 64).  In order to state a claim for negligence, a plaintiff must plead: "(1) a

18  legal duty to use reasonable care; (2) breach of that duty, and (3) proximate [or legal] cause

19  between the breach; and (4) the plaintiff's injury." *Mendoza v. City of L.A.,* 66 Cal. App. 4th

20  1333, 1339 (1998).  "The existence of a duty of care owed by a defendant to a plaintiff is a

21  prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Sav. & Loan Ass'n*,

22  231 Cal. App. 3d 1089, 1093 (1991).  "The existence of a legal duty to use reasonable care in a

23  particular factual situation is a question of law for the court to decide." *Vasquez v. Residential*

24  *Invs., Inc.*, 118 Cal. App. 4th 269, 278 (2004).

25        Here, Plaintiff cannot allege the existence of a legal duty.  "[A]s a general rule, a financial

26  institution owes no duty of care to a borrower when the institution's involvement in the loan

27  transaction does not exceed the scope of its conventional role as a mere lender of money."

28  *Nymark*, 231 Cal. App. 3d at 1096.  Absent "special circumstances not present here a loan

transaction is at arm's length and there is no fiduciary relationship between the borrower and lender." *Oaks Mgmt. Corp. v. Super. Ct.*, 145 Cal. App. 4th 453, 466 (2006).  The same rules apply to a loan servicer.  A loan servicer does not owe a duty to the borrower of the loan it is servicing.  *Castaneda v. Saxon Mortg. Servs.*, 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009) ("As a servicer of the loan, Saxon does not owe a duty to the borrowers of the loans it services.").

        In this present case, Defendant was either a lender (or their assignees or successors), or the servicer on the Loan.  (*See* Compl. generally).  Neither a mortgage servicer nor a mortgage lender owes any duty of care to a borrower absent some special relationship.  Plaintiff attempts to argue that this case presents facts involving the loan modification process that create a duty of care.  In the particular circumstances here, the general rule is that a lender does not owe a borrower a common law duty to "offer, consider, or approve" a loan modification.  (*Lueras v. BAC Home Loans Servicing, LP,* 221 Cal.App.4th 49, 64–65 (2013);   *Diunugala v. JP Morgan Chase Bank, N.A.,* No. 12cv2106–WQH–NLS, 2013 WL 5568737, *4  (S.D. Cal., Oct. 3, 2013) ("Absent special circumstances, there is no duty for a servicer to modify a loan"); *Sanguinetti v. CitiMortgage, Inc.,* No. 12–5424 SC, 2013 WL 4838765, *6 (N.D. Cal., Sept. 11, 2013) ("Loan modifications are part of the lending process, and negotiating a lending agreement's terms is one of a bank's key functions"); *Bunce v. Ocwen Loan Servicing, LLC,* No. CIV. 2:13–00976 WBS EFB, 2013 WL 3773950, *5  (E.D. Cal., July 17, 2013) (agreeing that lender does not owe duty in loan modification activities); *Kennedy v. Bank of America, N.A.,* No. 12–CV–952 YGR, 2012 WL 1458196, *7  (N.D. Cal., Apr. 26, 2012) (lender owes borrower no duty of care in process of approving loan modification); *Dooms v. Federal Home Loan Mortgage Corp.,* No. CV F 11–0352 LJO DLB, 2011 WL 1232989, *12 (E.D. Cal., Mar. 31, 2011) ("The [lender] owed no duty of care to [the borrower] arising from her default, property foreclosure, and loan modification attempts"); *DeLeon v. Wells Fargo Bank, N.A*., No. 10–CV–01390–LHK, 2010 WL 4285006, *4–5  (N.D. Cal., Oct. 22, 2010) (the defendant lender did not have a duty "to complete the loan modification process."))  Under the majority rule, Defendant has no duty and Plaintiff's negligence claim necessarily fails.

        Even under the minority view, courts limit the duty to a good faith modification review,

but do not actually require that a lender agree to modify a loan under terms dictated by plaintiffs. (*See e.g. Alvarez v. BAC Home Loan Servicing, L.P.,* 228 Cal.App.4th 941, 949 (2014) (where lender agreed to review loan modification application, plaintiff could state breach of duty by failing to actually review and foreclosing during review process*); Ansanelli v. JP Morgan Chase Bank, N.A.,* No. C 10–03892 WHA, 2011 WL 1134451, *7 (N.D. Cal., Mar. 28, 2011) (duty found where defendants undertook review and eventually denied application); *Garcia v. Ocwen Loan Servicing, LLC,* No. C 10–0290 PVT) 2010 WL 1881098,*2–4 (N.D. Cal., May 10, 2010) (duty found where parties negotiating loan modification and defendant sold home without decision on application).  In each such case, the duty was framed as one of good faith in reviewing an application which was eventually denied.

Here, there are no allegations that BANA did anything to create a duty of care. Plaintiff avers that BANA agreed to review his modification application, that BANA then offered Plaintiff a loan modification and that BANA required Plaintiff to provide additional documentation from his divorce and his ex-wife's alleged quitclaim of her interest in the Property.  (Compl. ¶¶ 50-52, 83-88).  Even if the Court follows the minority rule stated above and finds a duty of care was owed under these circumstances, Plaintiffs cannot plead negligence as a matter of law. Thus, the negligence claim fails and the Motion to Dismiss should be granted without leave to amend.

### D.    Plaintiff Fails to State a Claim under Cal. Bus. & Prof. Code Section 17200 ("UCL").  (COA 4)

The UCL establishes three separate varieties of unfair competition: acts or practices which are (1) unlawful, or (2) unfair or (3) fraudulent.  *See Cal-Tech Commc'ns., Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180  (1999).   In proscribing unlawful business practices, the UCL "borrows" violations of other laws and treats them as unlawful practices. *See Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1361 (2010).  Thus, "unlawful" practices are practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulation, or court-made." *See Saunders v. Sup. Ct.*, 27 Cal.App.4th 832, 838-39 (1994).  To state a cause of action based on an "unlawful" business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law. *See People v. McKale*, 25 Cal. 3d 626, 635

18

1  (1979); *Lazar v. Hertz Corp.,* 69 Cal.App.4th 1494, 1505 (1999) ("In effect, the UCL borrows

2  violations of other laws…and makes those unlawful practices actionable under the UCL.");

3  *Berryman v. Merit Prop. Mgmt., Inc*., 152 Cal.App.4th 1544, 1554 (2007).  Thus, a UCL claim

4  stands or falls depending on the fate of antecedent substantive causes of action.  *See Krantz v. BT*

5  *Visual Images*, 89 Cal.App.4th 164, 178 (2001).

6      A business act or practice is "unfair" when the conduct "offends an established public

7  policy or when the practice is immoral, unethical, oppressive, unscrupulous, or substantially

8  injurious to consumers."  *See S. Bay Chevrolet v. Gen. Motors Acceptance Corp*., 72 Cal.App.4th

9  861, 886-87 (1999). To sufficiently plead an action based on an "unfair" business act or practice, a

10  plaintiff must allege facts showing the "unfair" nature of the conduct and that the harm caused by

11  the conduct outweighs any benefits that the conduct may have.  *See Motors, Inc. v. Times Mirror*

12  *Co.*, 102 Cal.App.3d 735, 740 (1980).  When "determining whether the challenged conduct is

13  unfair within the meaning of unfair competition law…courts may not apply purely subjective

14  notions of fairness."  *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 941 (2003).  Rather,

15  such a claim requires a plaintiff to tether its allegation to a constitutional or statutory provision or

16  regulation carrying out such a statutory policy. *See Ferrington v. McAfee, Inc*., 2010 U.S. Dist.

17  LEXIS 106600, *11-13 (N.D. Cal. 2010) (citing *Lozano v. AT&T Wireless Servs.,* 504 F.3d 718

18  (9th Cir. 2007) (discussing the use of the tethering test in California courts and the Ninth Circuit).

19  A plaintiff alleging unfair business practices under the UCL "must state with reasonable

20  particularity the facts supporting the statutory elements of the violation." *See Khoury v. Maly's of*

21  *Cal., Inc.*, 14 Cal.App.4th 612, 619 (1993).

22      A claim for fraudulent business acts under the UCL is distinct from a common law fraud

23  claim. Under the UCL, a plaintiff need not show reliance in order to state a claim for fraudulent

24  business acts. *See Klein v. Earth Elements*, 59 Cal.App.4th 965, 970 (1997).  A plaintiff need only

25  allege that the public is likely to be deceived by the alleged business acts.  *See id*. However, all

26  claims alleging fraudulent business practices under the UCL are subject to the heightened pleading

27  standard of Rule 9(b). *See Carson v. Bank of America, N.A.,* 2012 WL 5041359, 4 (E.D.Cal.)

28  (E.D.Cal.,2012).

1        In the instant matter, Plaintiff fails to allege that Defendant engaged in business practices

2  that were unfair, unlawful and/or fraudulent. Rather, Plaintiff simply reasserts his claims that

3  Defendants fraudulently recorded "void assignments." (Compl. ¶ 103). The pleadings are

4  insufficient to establish a cause of action for any of the three varieties of unfair competition. First,

5  Plaintiff fails to plead facts sufficient to establish that Defendant has violated any law and thus

6  engaged in unlawful business acts, and as stated above in Section IV.C., his securitization claims

7  fail. Accordingly, Plaintiff's claim for unlawful business practices must also fail.

8        Second, as discussed in Section V.B above, Plaintiff has not met the heightened pleading

9  requirements of Rule 9(b), and thus fails to state a claim for fraudulent business practice. Without

10  the "who, what, when, where, and how" of any alleged fraud, the Complaint merely alludes to

11  fraud in the securitization process, for example there is no "privity of contract with Plaintiff, no

12  power of sale, the assignment was "fraudulent," but it fails to set forth any specific information

13  concerning actual fraud that is alleged to have occurred. (*See e.g.* Compl. ¶¶ 27-28). These

14  allegations are insufficient to meet Plaintiffs' burden of pleading fraud-based claims with

15  specificity. *See Harris v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 61847, 32-33 (N.D. Cal.

16  2013); *see also Perlas v. GMAC Mortgage LLC*, 187 Cal.App.4th 429, 434 (2010).

17        Accordingly, Plaintiff's UCL claim fails and should be dismissed.

18  **VI.   CONCLUSION**

19        For the foregoing reasons, Defendant respectfully requests that this Court grant

20  Defendant's Motion to Dismiss without leave to amend.

21  DATED: October 27, 2014       Respectfully submitted,

22                    MCGUIREWOODS LLP

23

24

25                   By:  /s/ Alison V. Lippa

26                       Alison V. Lippa
                            Attorneys for Defendant
                            BANK OF AMERICA, N.A.

27

28

BANK OF AMERICA, N.A.'s NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF
POINTS & AUTHORITIES IN SUPPORT THEREOF

1

## CERTIFICATE OF SERVICE

2    I, Alison V. Lippa, certify that on October 27, 2014, the foregoing document entitled

3 **DEFENDANT'S NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS**

4 **PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE**

5 **12(b)(6); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF** was

6 filed electronically in the Court's ECF; thereby upon completion the ECF system automatically

7 generated a "Notice of Electronic Filing" ("NEF") as service through CM/ECF to registered e-mail

8 addresses of parties of record in the case.

9    In addition, on October 27, 2014, the above-described document was served on the

10 following party in this case by placing a true copy thereof enclosed in a sealed envelope in the

11 United States Mail, first class, postage prepaid.  I am readily familiar with the firm's practice of

12 collection and processing correspondence for mailing with the United States Postal Service.

13 Under that practice, it would be deposited with the United States Postal Service that same day in

14 the ordinary course of business.  Such envelope was placed for collection and mailing with

15 postage thereon fully prepaid at Los Angeles, CA, following ordinary business practices.

16

17    *Attorney Without Registered Email Address to Receive Electronic Service*:

18    Jamie Edwards Quadra, Esq.          *Counsel for Plaintiff MICHAEL T. NOBLE*
      EDWARDS QUADRA, P.C.
19    1911 Douglas Blvd.
      Suite 85/PMB 350
20    Roseville, CA 95661
      Tel: (916) 365-9972; Fax: (916) 313-3570
21

22
                                    */s/ Alison V. Lippa*
23                                  Alison V. Lippa

24

25

26

27

28

BANK OF AMERICA, N.A.'s NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF
POINTS & AUTHORITIES IN SUPPORT THEREOF